FILED
CLERK, U.S. DISTRICT COURT

APR - 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN CONK,<br><br>        Petitioner,<br><br>  v.<br><br>LOLA NELSON, et al.,<br><br>        Respondent. | Case No. SACV 14-00369 (UA)<br><br>**ORDER SUMMARILY REMANDING**<br><br>**IMPROPERLY-REMOVED ACTION** |

    The Court will remand this unlawful detainer action to state court summarily because Defendant removed it improperly.

    Defendant Lola Nelson, et al., having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal to this Court and also presented an application to proceed <u>in forma pauperis</u>. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

1  Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Defendant's notice of removal only asserts that removal is proper based upon federal question jurisdiction. (Notice at 2). However, Defendant admits that the federal question is only raised as part of an affirmative defense. (Notice at 4, ¶ 9). Accordingly, the action cannot be removed to federal court. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986) ("[a] defense that raises a federal question is inadequate to confer federal jurisdiction.").

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, County Of Orange, 4601 Jamboree Road, Newport Beach, CA 92660, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED

DATED: April 2, 2014

GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE